# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

YU WANG,

        Plaintiff,

        v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A",

        Defendants.

No. 26-cv-02087

Judge Joan H. Lefkow
Magistrate Judge Daniel P. McLaughlin

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff Yu Wang ("Plaintiff") is requesting entry of an order for expedited discovery regarding Defendants identified in Schedule A to the Complaint ("Defendants").

As alleged in Plaintiff's Complaint, Defendants are individuals and business entities of unknown makeups who own and/or operates one or more of the e-commerce stores under at least the Seller Aliases on Amazon.com (the "Seller Aliases") and/or other seller aliases not yet known to Plaintiff [1] at ¶ 13. Defendants have targeted sales to Illinois residents by setting up and operating ecommerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, has used Plaintiff's trademark without authorization in connection with selling knockoff products in the United States, including Illinois *Id.* ¶¶ 13-14.

Fed. R. Civ. P. 26(d) allows for discovery before the parties have conferred when authorized by a court order. The United States Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain

the merits." *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, at *6 (N.D. Ill. Dec. 21, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)). Courts have wide latitude in determining whether to grant a party's request for discovery. *Id.* (citation omitted). District Courts may "evaluate a motion for expedited discovery 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). Further, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2).

Since Defendants are likely to decline to participate in these proceedings, expedited discovery is necessary to learn about Defendants, Defendants' identities, the nature of Defendants' operations, and all associated sales. *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.,* No. 15-cv-3249 (N.D. Ill. April 4, 2015) (unpublished). Specifically, expedited discovery of third-party ecommerce platforms and payment processors is necessary to learn all known contact information and all associated e-mail addresses of Defendants so that Plaintiff can effectuate service of process by e-mail, as well as U.S. sales of infringing goods and current account balances. Expedited discovery of the Defendants concerning its sales to the United States will independently verify the third parties' disclosures and assist in the efficient prosecution of the matter.

Accordingly, Plaintiff respectfully requests that this Court enter an order for expedited discovery, in the form submitted herewith.

Dated: February 25, 2026

Respectfully submitted,

/s/ Junru Chen
Junru Chen (IL Bar No. 6344136)
Clovian Law LLC
21 S Evergreen Ave., Ste. 200-129
Arlington Height, IL 60005
(312) 500-2995

junru.chen@clovianlaw.com